**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWINDER SINGH, | No. 08-73921 |
| Petitioner, | Agency No. A098-537-016 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 19, 2013[*]
San Francisco, California

Before: SCHROEDER, SILVERMAN, and BEA, Circuit Judges.

Petitioner Jaswinder Singh, a native and citizen of India, petitions for review

of the Board of Immigration Appeals' order denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture. We

have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252(a)(1), and we grant

the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The Board of Immigration Appeals affirmed the immigration judge's order without discussion, thus we review the substance of the immigration judge's order. *Falcon Carriche v. Ashcroft*, 350 F.3d 845 (9th Cir. 2003). The IJ erred when she found Singh's testimony inconsistent and implausible, and therefore the record compels finding Singh's testimony credible. *Kaur v. Ashcroft*, 379 F.3d 876, 890 (9th Cir. 2004) (holding that an adverse credibility determination is overturned only if each proffered reason for the determination fails).

First, the IJ erred when she found that Singh's testimony was inconsistent with his interview at the Asylum Office. That interview was not a part of the record and thus cannot support the IJ's ruling. *See Singh v. Gonzales*, 403 F.3d 1081, 1089 (9th Cir. 2005) (rejecting an IJ's reliance on an interview at the Asylum Office that was not in the record).

Second, the IJ erred when she found Singh's testimony was inconsistent with his declaration because his testimony "totally failed to indicate that the police suspected he was involved with terrorists." The record clearly demonstrates that Singh testified that he was persecuted in part because the police believed he was connected to terrorists.

Third, the IJ erred when she found Singh's testimony implausible in light of the country conditions. *See Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir. 2000)

(holding that a general assertion about conditions of peace in India was insufficient to support a negative credibility finding because it was a blanket statement without individualized analysis, and it was based on conjecture and speculation).

Fourth, the IJ erred by giving no weight to Singh's affidavits. The record demonstrates that relevant parts of the affidavits are based on personal knowledge, and that the affidavits do not incorrectly state Singh's party affiliation.

Finally, the IJ erred in finding it implausible that Singh would have truthfully told the police at a checkpoint that he was coming from a party meeting. Singh explained that he did not believe police outside of his hometown would care about his party business. That explanation was at least plausible, and the IJ's conclusion that the explanation was implausible was based on impermissible speculation. *Zhou v. Gonzales* 437 F.3d 860, 865 (9th Cir. 2006) (holding that speculation and conjecture "'cannot serve as a reason for an adverse credibility finding.'" (citing *Shah*, 220 F.3d at 1071 (9th Cir. 2000)).

The IJ also erred when she held, in the alternative, that Singh's mistreatment was not persecution based on a protected ground even if Singh were deemed credible. Singh suffered beatings by the police for "preaching against the government" after canvassing for a political party and returning from a political party meeting. This testimony demonstrates that Singh was persecuted, at least in

part, based on his political opinions. *See Borja v. INS*, 175 F.3d 732, 736-37 (9th Cir. 1999) (en banc) (finding a nexus where the petitioner was targeted for extortion and for her political opinion), s*uperseded by statute as stated by Parussimova v. Mukasey*, 555 F.3d 734, 739-40 (9th Cir. 2009).

Because Singh should have been deemed credible and found to have suffered past persecution, we remand to the BIA for its consideration of whether Singh has a well-founded fear of future persecution.

Also, because the IJ denied relief under the Convention Against Torture based at least in part on the adverse credibility finding, we remand the CAT claim for further proceedings as well.

We **GRANT** the petition for review.